**Fred HENDRICK, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 04–16548.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2006.*

Decided July 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.     Fed. R.App. P. 34(a)(2).

Matthew L. Howard, Esq., Talmadge, CA, for Plaintiff–Appellant.

Donna W. Anderson, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

## MEMORANDUM ***

Appellant Fred W. Hendrick (hereinafter "Claimant") brought this action for judicial review, pursuant to 42 U.S.C. § 405(g), challenging the denial of social security disability benefits. The district court granted Appellee's ("the Commissioner") motion for summary judgment, and we have jurisdiction to review pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision upholding the Commissioner's denial of benefits, and must uphold the decision if the Commissioner's denial is supported by substantial evidence and free of legal error. *See Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We affirm.

■ 1. Although Claimant alleges that the administrative law judge ("ALJ") erred by failing to consider whether Claimant was statutorily disabled on the date of the administrative hearing, it is undisputed that Claimant must have been insured at the time he suffered the disability in order to receive benefits. *See, e.g., Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1458 (9th Cir.1995). Unless Claimant could show the ALJ that he was continuously disabled from prior to the date he was last insured ("DLI"), his claim was properly denied. *Id.* at 1461. This he failed to do.

■ 2. Despite his consideration of evidence from after the DLI, the ALJ still found that "the medically documented disorders do not prevent claimant from performing basic work functions. Therefore, the medically documented disorders are 'non-severe.' " There was substantial evidence supporting the ALJ's conclusion.[1] The ALJ permissibly considered, but gave minimal weight to, the only medical opinion suggesting severe impairment, finding it to be internally inconsistent and contrary to other medical evidence. *See Morgan v. Comm'r of the SSA,* 169 F.3d 595, 603 (9th Cir.1999). The ALJ also found that opinion to be inconsistent with Claimant's testimony, anecdotal evidence, and the opinion of his treating physician. The ALJ properly afforded the treating physician's opinion more weight than the opinion based on a single examination. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). The medical evidence was

---

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. A careful review of the ALJ's decision reveals only one instance in which a medical opinion may have been improperly discounted because the diagnosis was made after the DLI. *See Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir.1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability."). Any such error was harmless, however, due to the fact that Claimant and his wife testified that the diagnosed condition arose after a heat stroke that occurred after the DLI.

also weak because it was overly reliant upon Claimant's descriptions of his symptoms, which the ALJ found were not credible. *See Morgan*, 169 F.3d at 602.

■ The ALJ permissibly discredited Claimant's subjective symptom testimony, finding that the "alleged intensity and persistence of the claimed symptoms" were not credible. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989). Even if we or another ALJ would have come to a different conclusion based on the evidence, the ALJ's conclusions must remain undisturbed if they were based on substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995). Substantial evidence supported the ALJ's conclusion that Claimant's alleged impairments are "non-severe."

■ 3. In light of the ALJ's conclusion that the evidence, from both before and after the DLI, failed to prove that Claimant ever suffered from anything more than "non-severe" disorders, no medical advisor was required to help infer the onset date of the purported disability pursuant to Social Security Ruling 83–20.

**AFFIRMED.**